IN THE UNITED STATES DISTRICT COURT
               FOR THE NORTHERN DISTRICT OF ILLINOIS
                          EASTERN DIVISION

ANTONIO HERNANDEZ,                )
                                  )
               Plaintiff,         )
                                  )
     v.                           )    No.  09 C 3139
                                  )
PACO WINDERS MFG., INC.,          )
                                  )
               Defendant.         )

                          MEMORANDUM ORDER

During yesterday's initial status hearing in this personal injury case sounding in strict liability and negligence, removed to this District Court from the Circuit Court of Cook County on May 26 on diversity of citizenship grounds, this Court inquired of counsel for removing defendant Paco Winders Mfg., Inc. ("Paco Winders") as to whether its responsive pleading to the Complaint by Antonio Hernandez ("Hernandez") had yet been filed.  Paco Winders' counsel responded that an Answer and Affirmative Defenses had indeed been filed--in fact, on the same day as the removal--but that counsel had failed to comply with the requirement of this District Court's LR 5.2(e), which requires delivery of a hard copy of every pleading to the assigned judge within one business day after filing.[1]  Paco Winders' counsel has now delivered a copy of that responsive pleading to this Court's

---

[1] That provision applies in the case of electronic filing of the original, but LR 52(e) also contains an essentially identical requirement if the original has been filed in paper form.

chambers, and it too is out of compliance with several requirements of the applicable rules.

To begin with, the responsive pleading does not conform to the mandate of LR 10.1 that requires a complaint's allegations to be set out together with the answers, so that the reader can determine from a single self-contained document which matters are or are not in dispute. When Paco Winders' counsel returns to the drawing board, as he must, that error has to be corrected.

Next, Answer ¶3 to each of the two counts in the Complaint does not conform to the disclaimer required by Fed. R. Civ. P. ("Rule") 8(b)(5) for a defendant to get the benefit of a deemed denial--see App. ¶1 to <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 278 (N.D. Ill. 2001). In addition, those paragraphs couple the inadequate disclaimer with a demand for "strict proof," whatever that may be--see <u>id</u>. Both paragraphs are stricken.

Next, Answer Count II ¶4 is really noncompliant with the federal requirement of notice pleading that applies to defendants as well as plaintiffs. That paragraph will have to be redone as well.

Finally, several of the ADs are also problematic. Here are those that this Court notes as requiring reworking (this listing is not necessarily exhaustive, for Hernandez' counsel may seek to identify other problems as well):

1. ADs 1 and 2 should obviously be combined in a sensible way to avoid needless repetition.

2. AD 3 is inconsistent with the requirement of Rule 8(c) and applicable caselaw that requires the acceptance of all well-pleaded allegations of a complaint as gospel for AD purposes--see App. ¶5 to State Farm.

3. That is equally true of AD 9. It too is stricken.

Because of counsel's need to comply with LR 10.1, the present Answer and ADs are stricken in their entirety, with leave granted to replead on or before July 8, 2009. No charge is to be made to Paco Winders by its counsel for the added work and expense incurred in correcting counsel's errors. Paco Winders' counsel are ordered to apprise their client to that effect by letter, with a copy to be transmitted to this Court's chambers as an informational matter (not for filing).

_____
Milton I. Shadur
Senior United States District Judge

Date: June 24, 2009